IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

ACCESS 4 ALL INCORPORATED
and CARLOS CUESTA,

    Plaintiffs,

v.

BSV GREENWOOD VILLAGE LLC, and
FOURLEAF HEALTHY EATS LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, BSV GREENWOOD VILLAGE LLC, and FOURLEAF HEALTHY EATS LLC (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. The is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who splits his time between Florida and Colorado, and is otherwise *sui juris*. Plaintiff, CARLOS

CUESTA, is also a member of the Florida Not for Profit Corporation, ACCESS 4 ALL INCORPORATED.

5. Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6. At all times material, Defendant, BSV GREENWOOD VILLAGE LLC, was and is a Limited Liability Limited Partnership, organized under the laws of the state of Delaware, with its principal place of business in Bethesda, Marland.

7. At all times material, Defendant, BSV GREENWOOD VILLAGE LLC, owned and operated a commercial retail center and place of public accommodation located at 6800 S Dallas Way, Greenwood Village, Colorado (hereinafter the "Commercial Property").

8. At all times material, Defendant, FOURLEAF HEALTHY EATS LLC, was and is a limited liability company, organized under the laws of the state of Colorado, with its principal place of business in Greenwood Village, Colorado.

9. At all times material, Defendant, FOURLEAF HEALTHY EATS LLC, owned and operated a commercial restaurant business and place of public accommodation located at 6800 S Dallas Way, Greenwood Village, Colorado (hereinafter the "Commercial Business"). , Defendant, FOURLEAF HEALTHY EATS LL holds itself out to the public as "Fourleaf Chopped Salads."

10. Venue is properly located in the District of Colorado because Defendants' Commercial Property is located in Greenwood Village, Colorado, Defendants regularly conduct business within Greenwood Village, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Greenwood Village, Colorado.

## FACTUAL ALLEGATIONS

11. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein, including the retail shopping store.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

14. Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching using the left side of his body. Plaintiff, CARLOS CUESTA, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

15. Defendant, BSV GREENWOOD VILLAGE LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Greenwood Village, Colorado, that is the subject of this Action. Defendant, FOURLEAF HEALTHY EATS LLC, owns, operates and oversees a restaurant business located in Greenwood Village, Colorado, that is the subject of this Action.

16. The subject Commercial Property is open to the public and is located in Greenwood Village, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about March 3, 2022, where he encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

17. Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends much of his time in and near Denver County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendants' Commercial Property and business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

18. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

19. The Plaintiff, CARLOS CUESTA, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies),

embarrassment, and discomfort to Plaintiff, CARLOS CUESTA, and others similarly situated.

20. Plaintiff, ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of the organization include individuals with disabilities as defined by the ADA and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or others to bring suit in his or her own right. Plaintiff, CARLOS CUESTA, has also been discriminated against because of its association with its disabled members and their claims.

21. Defendants, BSV GREENWOOD VILLAGE LLC, and FOURLEAF HEALTHY EATS LLC, own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants own and operate is the Commercial Property business located at 6800 S Dallas Way, Greenwood Village, Colorado.

22. Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and II of the Complaint. Plaintiff has reasonable grounds to believe that he will continue

to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

**COUNT I – ADA VIOLATIONS**
**AS TO BSV GREENWOOD VILLAGE LLC**

23. The Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant, BSV GREENWOOD VILLAGE LLC, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

25. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during him visit to the Defendant's Commercial Property include, but are not limited to, the following:

   A. Parking

i. 1) Accessible spaces lack compliant aisles, (< 60" wide) impeding Carlos Cuesta from unloading and violating the ADAAG and ADAS Section 502.

6

ii. Accessible spaces lack clear and level aisles, they have slopes or cross slope of 5% (>2%) endangering Carlos Cuesta when unloading and violating the ADAAG and ADAS Section 502.

iii. Parking spaces are not on the nearest, most direct accessible route from parking to access facility entrances, violating the ADAAG and ADAS Section 502. Preventing Carlos Cuesta from safely accessing The Shops at Greenwood Village without rest or assistance.

iv. Carlos Cuesta was unable to find signs posted at insufficient heights of 53" (< 60" AFF) violating ADAAG Section 4.6 and ADAS Section 502.

B. <u>Entrance Access and Path of Travel</u>

i. There is no compliant route from transit, sidewalk, and parking areas for Carlos Cuesta to access The Shops at Greenwood Village which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Accessible routes at The Shops at Greenwood Village have changes in level of 1" (>3/4") creating hazardous conditions for Carlos Cuesta violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

**COUNT II – ADA VIOLATIONS
AS TO BSV GREENWOOD VILLAGE LLC, and FOURLEAF HEALTHY EATS LLC**

26. The Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

27. Defendants, BSV GREENWOOD VILLAGE LLC, and FOURLEAF HEALTHY EATS LLC, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 <u>et</u> <u>seq</u>.

28. Defendants have discriminated, and continue to discriminate, against Plaintiff in

7

violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

    A. <u>Public Restrooms</u>

i. There are exposed pipes in restrooms, causing safety issues for Carlos Cuesta, violating Section 4.19.4 of the ADAAG.

ii. Carlos Cuesta unable to use Mirror due to bottom-reflecting surface 50" (40" AFF max), violating the ADAAG and 2010 ADAS.

iii. Carlos Cuesta cannot safely transfer to water closet due to a lack of clear floor space in violation of Section 604 of the 2010 ADAS.

iv. Carlos Cuesta is unable to reach Dispenser controls 53" AFF (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

v. Toilet stalls are inaccessible to Carlos Cuesta, violating ADAAG Section 4.17 and Sec. 604 of the.2010 ADAS.

vi. Grab bars do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Carlos Cuesta.

vii. Mounted items 4" above grab bar (12" min), prevent use by Carlos Cuesta, violating the ADAAG and 2010 ADAS.

viii. Toilet paper dispenser is mounted at > 9" (7"-9" in front of seat), creating hazard for Carlos Cuesta, violating 2010 ADAS.

ix. Toilet has improper centerline 20" from side wall; (16" to 18"), denying access to Carlos Cuesta, violating the 2010 ADAS.

x. Toilet flush valve not mounted on wide side, denying access to Carlos Cuesta, violating the ADAAG and 2010 ADAS Sec. 604.

## RELIEF SOUGHT AND THE BASIS

29. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

30. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

32.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

33.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

34.      Notice to Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees

and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

35. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its business, located within the Commercial Property located in Greenwood Village, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 18, 2022.

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiffs*
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone: (303) 386-7208
Facsimile: (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com and bvirues@lawgmp.com.

By:     */s/ Anthony J. Perez*
          ANTHONY J. PEREZ
          BEVERLY VIRUES

12